UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW DAVIS-BEY, | ) | Case No.  1:04 CV 2101 |
| | ) | |
| Petitioner, | ) | Judge Patricia A. Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Andrew Davis-Bey, a prisoner in state custody, seeks federal habeas corpus relief *pro se* from his eight-year sentence following jury trial on the charge of felonious assault. Davis-Bey exercised a timely counseled appeal.  See *State v. Davis-Bey*, 2002 WL 1454056, 2002 - Ohio - 3437 (Ohio App. 8 Dist.).  On June 12, 2003, he filed a notice of appeal and motion for delayed appeal with the Ohio Supreme Court (Respondent's Ex. 9).   His motion for delayed appeal was denied. See *State v. Davis-Bey*, 99 Ohio St.3d 1466, 791 N.E.2d 982, 2003 - Ohio - 3669 (Table 2003). Thereafter, David-Bey moved to reopen appeal under Ohio R. App. P. 26(B) but the motion was filed untimely and the court found no cause to excuse the delay. See *State v. Davis-Bey*, 2004 WL 439504, 2004 - Ohio - 1105 (Ohio App. 8 Dist.).  Nevertheless, the state appellate court did explain that Davis-Bey failed to state any discernable reason why appellate counsel had been ineffective. *Id.* at ¶¶10-11.  Davis-Bey did not appeal from this ruling and no delayed appeal is available.  See Ohio S.Ct. Prac. R. II §2(A)(4)(b).

1:04 CV 2101                                                    2

In this application for federal habeas corpus review, Davis-Bey raises the following two grounds derived from to be counseled on arguments presented to the state appellate court on direct appeal:

> I: The verdicts were against the manifest weight of the evidence in violation of petitioner's rights and the Ohio and Federal Constitution [sic].
>
> II. The trial court erred and abused its discretion by sentencing the petitioner to the maximum sentence of eight years in violation of petitioner's rights under the Fourteenth Amendment of the United States Constitution and Article I's section 10 of the Ohio Constitution.

Davis-Bey argues that he has exhausted state remedies, and he is correct. However in his situation it is because exhaustion occurs when there is an absence of state corrective process. See 28 U.S.C. §2254(b)(1)(B)(I); *Engle v. Isaac*, 456 U.S. 107, 125 N. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970) (no effective state remedy).

Davis-Bey is under the misapprehension that his grounds were "fairly presented" to the state courts and respondent has enabled this misconception by repeating Davis-Bey's two propositions of law presented with his motion for delayed appeal to the Ohio Supreme Court. (See Answer at 3, ECF #10). Davis-Bey views the Ohio Supreme Court's denial of his motion for leave to file a delayed appeal as an affirmance of the state appellate court (See Petition, Question No. 9(e), ECF #1). Davis-Bey consequentlylabors under this misperception in briefing why he has not procedurally defaulted on these grounds. Respondent, though, had raised this procedural default.

1:04 CV 2101                                            3

Davis-Bey did not "fairly present" his grounds on delayed appeal to the Ohio Supreme Court. The rule governing delayed appeals fairly clearly states:

> (c) A memorandum in support of jurisdiction shall *not* be filed at the time a motion for delayed appeal is filed. If the Supreme Court grants a motion for delayed appeal, the appellant shall file a memorandum in support of jurisdiction within 30 days after the motion for delayed appeal is granted. If a memorandum in support of jurisdiction is not timely filed after a motion for delayed appeal has been granted, the Supreme Court will dismiss the appeal. (Emphasis supplied).

Ohio S.Ct. Prac. Rule II §2(A)(4)(c).

As the foregoing rule instructs, the Ohio Supreme Court is only concerned with the reasons provided by appellant to excuse untimeliness. Consequently Davis-Bey's two propositions of law were not "fairly presented" in the Ohio Supreme Court because it is well established that the fair presentation principle applies not only to those situations where the petition has failed to raise his claim to the state's highest court for review, but also where it has been presented "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).

Denial of a motion for delayed appeal under Ohio S. Ct. Prac. R. II §2(A)(4)(a) is not a ruling on any claim included with the motion for leave. See *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Consequently the unexplained state court decision from the Ohio Supreme Court denying leave to file an untimely appeal is assumed to enforce any applicable

1:04 CV 2101                              4

procedural bar. *Bonilla*, 270 F.3d at 497. An untimely appeal to the Ohio Supreme Court is a procedural ruling, which is both actually enforced and is an adequate and independent state ground on which the state can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). See *Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir. 2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). "When a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman* at 750; *Bonilla* at 497.

A demonstration of "cause" and "prejudice" may excuse the default from a failure to present a constitutional claim to the state's highest court, or alternatively a fundamental miscarriage of justice resulting in the conviction of one who is actually innocent. See *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct. 1587, 1590-92, 146 L.Ed.2d 518 (2000); *House v. Bell*, -U.S.-, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971). "Cause" is some "objective facts external to the defense" which impeded petitioner's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 492, 106 S.Ct. 2635, 2645-48, 91 L.Ed.2d 397 (1986). "Prejudice" must be "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 2546 (1991); *Bousley v. U.S.*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Murray* v. *Carrier*, 477 U.S. at 489, 106 S.Ct. at 2646. Cause and prejudice

1:04 CV 2101                              5

are in the conjunctive and the failure to show cause terminates this analysis. See *Murray*, 477 U.S. at 497.

Davis-Bey in neither his traverse nor his petition expressly addresses the issues of cause and prejudice or actual innocence. However, judging from the record, he believed he had ineffective assistance of appellate counsel. Due process, though, does not require appointment of counsel beyond the state's intermediate appellate court, so lack of counsel or failure of counsel to timely appeal to a state supreme court does not constitute "cause." See *Ross v. Moffitt*, 417 U.S.600, 610, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *Pennsylvania v. Finley*, 481 U. S. 551, 555, 107 S.Ct.1990, 1993, 95 LE.d2d 539 (1987).

Davis-Bey also contends that there be no procedural default here because there was no "plain statement," as required under *Coleman v. Thompson*, 501 U.S. 723, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) from the Ohio Supreme Court but his claim was rejected due to procedural default. However, "[t]his rule necessarily applies only when a state court has been presented with a federal claim, as will usually be true given that a federal claimant exhausts state-court remedies before raising the claim in a federal habeas petition." *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1980); *Coleman*, 501 U.S. at 734. Since no federal claim was "fairly presented," the state court was not obligated to provide a plain statement to assert and preserve the procedural default.

1:04 CV 2101                                                                 6

Davis-Bey also argues that he should be entitled to equitable tolling referencing *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001).  However Davis-Bey is mistaken.  Equitable tolling applies in situations where the habeas petition is dismissed on the basis of untimeliness under 28 U.S.C. §2254(d), not a failure to "fairly present" the claims to the state courts.

Finally, as an afterthought, Davis-Bey argues that his eight-year sentence violates his right to due process under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435 (2000).  This argument was never placed before the state appellate court.  Davis-Bey failed to raise any argument based on *Apprendi* to the state appellate court.  Federal review of an *Apprendi*-based argument is now barred because to be "fairly presented" the federal ground must be presented under the same theory as when presented to the state court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004).  "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001).

Furthermore, *Blakely,* decided on June 24, 2004, is not retroactively applicable to convictions which had become final before it was announced.  It is absolutely clear that Davis-Bey's conviction became final 45 days after the state appellate decision when the time for appeal expired in 2002 (to allow for possible appeal to the Ohio Supreme Court).  *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  Consequently, his conviction was final in 2002.  "[F]ederal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal," and "without question"

1:04 CV 2101                                                                 7

the rule announced in *Blakely* was a procedural one. *Humphress v. U.S.*, 398 F.3d 855, 860 & n. 1 (6th Cir. 2005), *cert. denied*, 546 U.S. 885 (2005).

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, it is recommended that the pending federal habeas corpus petition in this matter be dismissed on its merits. Following review of the petition and applicable law, petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding. See 28 U.S.C. §2254(d)(1) and (2). Petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. There has been no demonstrated need for an evidentiary hearing. It is recommended that petitioner's application for habeas corpus be denied.

                                                                        s/James S. Gallas
                                                     United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 14, 2007

1:04 CV 2101                              8